IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA GAERTNER, individually and on
behalf of all others similarly situated,

    Plaintiff,

  v.

COMMEMORATIVE BRANDS, INC., d/b/a
Balfour & Co., a Delaware corporation,

COMMEMORATIVE BRANDS ILLINOIS
LLC, an Illinois limited liability company, and

ICONIC GROUP, INC., a Delaware
corporation,

    Defendants.

Case No. 3:23-cv-02452

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Joshua Gaertner, individually, and on behalf of all others similarly situated ("Plaintiff" or "Gaertner"), by and through his undersigned attorneys, brings this Class Action Complaint against Defendants Commemorative Brands, Inc., d/b/a Balfour & Co. ("Balfour"), Commemorative Brands Illinois LLC ("CB Illinois"), and Iconic Group, Inc. ("Iconic") (collectively, "Defendants" or "GradImages") under Federal Rule of Civil Procedure 23. In support of his Complaint, Plaintiff states and alleges as follows:

### NATURE OF THE CASE

1. This is a class action for damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et. seq.* ("BIPA"). Defendants, who collectively do business as GradImages (among other trade names), have violated BIPA by illegally collecting and using Plaintiff's biometric identifiers and biometric information

("biometrics") without informed written consent, and are understood to have done the same to thousands of other similarly situated individuals.

2.     The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information."  740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual;  therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.     In response to these concerns, the legislature enacted BIPA, which provides that a private entity may not obtain or possess a person's biometrics unless it: (1) informs that person in writing that biometrics will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometrics are being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometrics; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying the biometrics it collects or stores. Furthermore, BIPA prohibits private entities from profiting in any way from a person's biometrics.

4.     GradImages is a nationwide photography company that specializes in photographing graduation ceremonies and other events held by high schools, colleges, and universities. GradImages says that it "photograph[s] nearly 2 million graduates at 6,000 commencement ceremonies and related events each year" and has "hundreds of professional photographers" working on its behalf.

5.     GradImages facilitates sales of its photographs by leveraging the biometrics of the people depicted in them. First, GradImages obtains what it calls a "primary identification"—a

person's face, associated with their name—from the photo taken when the graduate has their name called and walks across the stage to receive their diploma. Second, GradImages scans the graduate's facial image with facial recognition software to extract data representing the unique geometry of the graduate's face (sometimes called a "faceprint"). Finally, GradImages uses the faceprint to find matching facial images in candid photos taken during the event (what GradImages calls "PR images") so that it can solicit the graduate to buy all photos that might contain their face. Under BIPA, "scan[s] of . . . face geometry" are biometrics, 740 ILCS 14/10, so GradImages cannot collect, use, or profit from them unless BIPA is complied with.

6.      Yet, as described further in this Complaint, GradImages does not comply with BIPA. It has collected, used, and profited from the biometrics of hundreds or thousands of Illinois citizens, many of whom never purposefully involved themselves with GradImages or had any idea that it was collecting their biometrics.

7.      Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class") to recovery the liquidated damages that BIPA authorizes for its violations.

## PARTIES

8.      Plaintiff Joshua Gaertner is, and at all times relevant to this action was, a resident citizen of Randolph County, Illinois.

9.      Defendant Commemorative Brands, Inc., d/b/a Balfour & Co. ("Balfour") is a Delaware corporation with its principal place of business in Texas. It may be served through its registered agent located at National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

10.    Defendant Commemorative Brands Illinois LLC ("CB Illinois") is an Illinois limited liability company. It may be served through its registered agent located at CT Corporation System, 208 S. LaSalle Street, Ste. 814, Chicago, Illinois 60604.

11.    Defendant Iconic Group, Inc. ("Iconic") is a Delaware corporation with its principal place of business in Texas. It may be served through its registered agent located at The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

12.    Upon information and belief, CB Illinois is wholly owned, directly or indirectly, by Balfour or Iconic, and is a conduit through which those entities conduct business in Illinois (including when they conduct business as GradImages).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interests and costs and, upon information and belief, is between citizens of different states.

14.    This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209(a)(1) and (7) because Defendants, by themselves or through agents, have transacted business in Illinois and made or performed contracts or promises substantially connected with Illinois as described throughout this Complaint.

15.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

*BIPA Regulates the Use of Illinois Citizens' Biometrics*

16.     In the early 2000s, companies began experimenting with "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c).

17.     One such company, Pay By Touch, provided retailers throughout Illinois with fingerprint scanners that were used to collect customers' biometric information and link it to their financial accounts. In 2007, Pay By Touch filed for bankruptcy. The bankruptcy trustee listed the customers' biometric information as an asset and sought to sell it to pay off creditors.

18.     The Illinois legislature was concerned by the prospect of unique biometric identifiers being sold or otherwise distributed without the consent of the Illinois citizens to which they belonged. In 2008, the legislature responded to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information" by enacting BIPA. Illinois House Transcript, 2008 Reg. Sess. No. 276.

19.     Under BIPA Section 15(b), it is unlawful for a private entity to

collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

(1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

5

20.     And under BIPA Section 15(c), "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

21.     As described throughout this Complaint, GradImages violated all three prongs of BIPA Section 15(b) by collecting, storing, and using biometrics without informed written consent. GradImages also violated BIPA Section 15(c) by profiting from biometrics because they use biometrics to facilitate their sale of photographs.

***GradImages Profits from the Unauthorized Use of Biometrics***

22.     GradImages represents that it "photograph[s] nearly 2 million graduates at 6,000 commencement ceremonies and related events each year." It claims to have "hundreds of professional photographers from coast-to-coast" working on its behalf.

23.     Biometrics are essential to GradImages' business.

24.     As GradImages explains, "it is not easy to individually identify public relations (PR) images of graduates taken before or after" their graduation ceremony. "This is because photographers capture PR images 'in the moment,' and cannot always document each person's name before moving on to the next opportunity." "The result is that [the PR images] are put into a large 'gallery' with hundreds of other PR images, and graduates often need to browse through them all in order to find their own."

25.     GradImages purports to solve this problem. According to GradImages, it uses "enhanced image recognition . . . . to scan every PR image using computer software, and attempt[s] to match the person (or people) in each image with a person who has already been identified using our primary identification from the names being called." The "primary identification" occurs "[w]hen graduates are individually recognized on stage," because

6

"[GradImages is] able to determine precisely who each person is by virtue of the fact that names are announced."

26. In other words, GradImages (i) uses a photograph of a graduate taken when he or she walks across the stage to associate a facial image with a name; (ii) scans the photograph with computer software to extract data representing the unique geometry of the facial image (a "faceprint") which remains associated with the name; (iii) scans PR images with computer software to likewise extract faceprints of the facial images contained in those photographs; and (iv) matches the name-associated faceprint with any similar faceprints appearing in PR images to locate other photographs of the graduate.

27. Biometrics as defined under BIPA include "scan[s] of . . . face geometry." 740 ILCS 14/10. Consequently, GradImages collects biometrics each time that it scans photographs or PR images with image recognition software and extracts faceprints.

28. GradImages uses the biometrics that it collects for profit.

29. After GradImages locates photographs of a graduate by matching the name-associated faceprint with those extracted from PR images, it solicits the graduate via email to purchase print or digital copies of the photographs.

30. GradImages also allows graduates (or anyone else) to locate faceprint-matched photographs of a graduate through its website by searching for the graduate's name, school, and graduation year.

***GradImages Collected, Used, and Profited from Plaintiff's Biometrics Without His Consent***

31. Plaintiff Josh Gaertner graduated from Southern Illinois University Edwardsville in 2023. He attended the school's graduation ceremony held on May 6, 2023, in Edwardsville, Illinois.

32.     During the event, photographers working on behalf of GradImages took multiple photographs containing Gaertner's facial images.

33.     GradImages scanned the photographs containing Gaertner's facial images, extracted Gaertner's faceprints from those photographs, and used the faceprints to associate the photographs with Gaertner's name.

34.     GradImages then solicited Gaertner via email to purchase the photographs and made the photographs available online to anyone who searched for Gaertner's name, school, and graduation year. Gaertner's mother, an Illinois resident, purchased one or more of those photographs through the GradImages website.

35.     Gaertner was never informed (in Illinois or elsewhere) that GradImages would collect or use his biometrics.

36.     Gaertner was never informed (in Illinois or elsewhere) that GradImages would profit from the use of his biometrics by using them to locate photographs of him taken at the graduation ceremony and solicit him to purchase the photographs.

37.     Gaertner never gave GradImages consent (in Illinois or elsewhere) to collect, use, or profit from his biometrics.

***GradImages Has Collected, Used, and Profited from the Biometrics of Countless Other Illinois Citizens***

38.     Upon information and belief, photographers working on behalf of GradImages have taken photographs at graduation ceremonies or other events held by no fewer than 56 Illinois colleges, universities, or high schools, including:

      a.     University of Illinois Urbana-Champaign;

      b.     University of Illinois Chicago;

      c.     University of Illinois Springfield;

d.    Southern Illinois University Edwardsville;

e.    Southern Illinois University Carbondale;

f.    Eastern Illinois University;

g.    Northern Illinois University;

h.    Northeastern Illinois University;

i.    Southwestern Illinois College;

j.    DePaul University;

k.    Northwestern University;

l.    Loyola University Chicago;

m.    University of Phoenix Chicago;

n.    Illinois State University;

o.    Chicago State University;

p.    Illinois Institute of Technology;

q.    Illinois Institute of Art;

r.    Augustana College;

s.    Wheaton College (Wheaton, Illinois)

t.    Bradley University;

u.    Illinois Valley Community College;

v.    Illinois Central College;

w.    Illinois Wesleyan University;

x.    Governors State University;

y.    Benedictine University (Springfield, Illinois);

z.    Knox College;

aa.   Lewis University;

bb.   Aurora University;

cc.   College of DuPage;

dd.   Lake Forest College;

ee.   University of St. Francis (Joliet, Illinois);

ff.   Dominican University (River Forest, Illinois);

gg.   Elmhurst University;

hh.   Columbia College Chicago;

ii.   Concordia University Chicago;

jj.   Kennedy-King College;

kk.   East-West University;

ll.   Olive-Harvey College;

mm.   Judson University;

nn.   Moraine Valley Community College;

oo.   Roosevelt University;

pp.   Joliet Junior College;

qq.   North Central College;

rr.   North Park University;

ss.   South Suburban College;

tt.   Rasmussen University (Rockford, Illinois);

uu.   Triton College;

vv.   McHenry County College;

ww.   Saint Xavier University;

xx.       Morton College;

yy.      Rush University;

zz.      Rend Lake College;

aaa.     Kishwaukee College;

bbb.     Joliet Central High School;

ccc.     Joliet West High School;

ddd.     Auburn Senior High School (Auburn, Illinois).

39.    Upon information and belief, GradImages has collected biometrics from the photographs taken at those Illinois-located events in the same manner as described above generally and with respect to Gaertner, has used the biometrics to solicit sales in the same manner described above generally and with respect to Gaertner, and has done so without the informed written consent and authorization of the individuals to whom the biometrics belong.

40.    Upon information and belief, the individuals depicted in the photographs taken at those Illinois-located events include a significant number of Illinois residents.

41.    Upon information and belief, GradImages has derived revenue or profits from the sale of photographs of Illinois residents taken at Illinois-located events (including sales made to Gaertner's mother and other Illinois residents), has purposefully availed itself of the privileges of conducting business in Illinois, and benefits commercially from its relationship with photographers based in Illinois and events held in Illinois.

***GradImages' Collection and Use of Biometrics Violates BIPA***

42.    GradImages' practices of collecting, storing, using, and profiting from Illinois' citizens biometrics violates BIPA Sections (b)(1)–(3) and (c).

43.    **BIPA Section 15(b)(1).** GradImages collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative)

11

in writing that biometrics are being collected. GradImages therefore violates BIPA Section 15(b)(1).

44.     **BIPA Section 15(b)(2).** GradImages collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing of the specific purpose and length of term for which the biometrics are being collected or used. GradImages therefore violates BIPA Section 15(b)(2).

45.     **BIPA Section 15(b)(3).** GradImages collects, captures, or otherwise obtains biometrics without first receiving from the subject (or the subject's legally authorized representative) an executed written release. GradImages therefore violates BIPA Section 15(b)(3).

46.     **BIPA Section 15(c).** GradImages profits from the biometrics that it possesses by using them to facilitate the sale of photographs to the individuals to whom the biometrics belong or anyone else who searches for those individuals on its website. GradImages therefore violates BIPA Section 15(c).

## CLASS ALLEGATIONS

47.     This action is brought under 735 ILCS 5/2-801 by the named Plaintiff on his own behalf and on behalf of a proposed Class of all other persons similarly situated, defined as follows:

> All residents of the State of Illinois whose biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by, or profited from by Defendants while residing in Illinois.

The following are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who

properly execute and file a timely request for exclusion from the Class; (4) persons whose claims

in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's

counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of

any such excluded persons.

48.     The Class is so numerous that the individual joinder of all members is

impracticable. While the exact number of Class members presently is unknown to Plaintiff, it is

ascertainable by appropriate discovery or is known or available to Defendants. Upon information

and belief, the class includes thousands of members.

49.     Common questions of law or fact arising from Defendants' conduct exist as to all

members of the Class. These common questions include, without limitation:

      a.     Whether Defendants captured, collected, or used the biometrics of Plaintiff
         or the Class members.

      b.     Whether Defendants informed Plaintiff or the Class members in writing
         that their biometrics were being captured, collected, or used.

      c.     Whether Defendants informed in writing Plaintiff or the Class members of
         the specific purpose and length of term for which their biometrics were
         being captured, collected, or used.

      d.     Whether Defendants received from Plaintiff, the Class members, or their
         legally authorized representative an executed written release before
         Defendants captured, collected, or used their biometrics.

      e.     Whether Defendants profited from Plaintiff's or the Class members'
         biometrics by using them to facilitate the sale of photographs to the
         individuals to whom the biometrics belong or anyone else who searches
         for those individuals on its website.

50.     Class treatment provides a fair and efficient method for the adjudication of the

controversy described in this Complaint because the controversy affects a large number of

persons. Class treatment therefore provides an appropriate and effective method for Plaintiff and

Class members to assert their claims in a manner that can fairly be managed without unnecessary

expense or duplication. The expense and burden of individual litigating the claims of each Class member is impracticable and would waste judicial resources.

51.     Furthermore, class treatment allows litigation of claims that, given the expenses of litigation, likely would be insufficient in monetary value to support separate actions. Class treatment allows litigation to be conducted in a single forum, which aids judicial economy and efficiency, promotes parity among the claims of individual Class members, and results in judicial consistency.

52.     In contrast, the prosecution of separate actions by individual members of the Class would create a risk of:

      a.     inconsistent or varying adjudications with respect to individual members of the Class; and

      b.     adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

53.     Plaintiff will fairly and adequately protect the interests of the Class that they represent. Plaintiff's interests as the Class representatives are consistent with those of the Class members.

54.     Plaintiff is represented by counsel experienced in class action and other complex litigation.

55.     Plaintiff and his counsel envision no difficulties in managing this case as a class action.

### COUNT I – VIOLATION OF BIPA SECTION 15(b)(1)
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection or Storage**
**(On Behalf of Plaintiff and the Class)**

56.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

14

57.     BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored." 740 ILCS 14/15(b)(1).

58.     GradImages is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Balfour is a Delaware corporation, CB Illinois is an Illinois limited liability company, Iconic is a Delaware corporation, and none of Defendants are or include a State or local government agency.

59.     GradImages collected or otherwise obtained the biometrics of Plaintiff and the Class members as described throughout this Complaint.

60.     GradImages collected or otherwise obtained the biometrics of Plaintiff and the Class members without first informing in writing Plaintiff or the Class members that their biometrics were being collected.

61.     GradImages' collection of Plaintiff's and the Class members' biometrics without first informing them in writing violates BIPA Section 15(b)(1).

62.     Plaintiff and the Class members are aggrieved by GradImages' collection of their biometrics without having first informed them in writing as required under BIPA Section 15(b)(1).

63.     As a direct result of GradImages' violations of BIPA Section 15(b)(1), Plaintiff and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT II – VIOLATION OF BIPA SECTION 15(b)(2)**
**740 ILCS 14/15(b)(2)**
**Failure to Inform of Purpose and Length of Term**
**(On Behalf of Plaintiff and the Class)**

64.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

65.     BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

66.     GradImages is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Balfour is a Delaware corporation, CB Illinois is an Illinois limited liability company, Iconic is a Delaware corporation, and none of Defendants are or include a State or local government agency.

67.     GradImages collected and used the biometrics of Plaintiff and the Class members as described throughout this Complaint.

68.     GradImages collected and used the biometrics of Plaintiff and the Class members without first informing in writing Plaintiff or the Class members of the specific purpose and length of term for which their biometrics were being collected or used.

69.     GradImages' collection and use of Plaintiff's and the Class members' biometrics without first informing them in writing of the specific purpose and length of term for which their biometrics were being collected or used violates BIPA Section 15(b)(2).

70.     Plaintiff and the Class members are aggrieved by GradImages' collection and use of their biometrics without having first informed them in writing of the specific purpose and

16

length of term for which their biometrics were being collected or used as required under BIPA Section 15(b)(2).

71.     As a direct result of GradImages' violations of BIPA Section 15(b)(2), Plaintiff and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT III – VIOLATION OF BIPA SECTION 15(b)(3)**
**740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiff and the Class)**

72.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

73.     BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

74.     GradImages is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Balfour is a Delaware corporation, CB Illinois is an Illinois limited liability company, Iconic is a Delaware corporation, and none of Defendants are or include a State or local government agency.

75.     GradImages collected the biometrics of Plaintiff and the Class members as described throughout this Complaint.

76.     GradImages collected the biometrics of Plaintiff and the Class members without first having obtained a written release executed by them or their authorized legal representative.

77.     GradImages' collection of Plaintiff's and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

78.     Plaintiff and the Class members are aggrieved by GradImages' collection of their biometrics without first having obtained an executed written release as required under BIPA Section 15(b)(3).

79.     As a direct result of GradImages' violations of BIPA Section 15(b)(3), Plaintiff and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT IV – VIOLATION OF BIPA SECTION 15(c)**
**740 ILCS 14/15(c)**
**Profiting From Biometrics**
**(On Behalf of Plaintiff and the Class)**

80.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

81.     BIPA Section 15(c) makes it unlawful for any private entity to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.740 ILCS 14/15(c).

82.     GradImages is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Balfour is a Delaware corporation, CB Illinois is an Illinois limited liability company, Iconic is a Delaware corporation, and none of Defendants are or include a State or local government agency.

83.     GradImages possesses the biometrics of Plaintiff and the Class members as described throughout this Complaint.

84.     GradImages profits from the biometrics of Plaintiff and the Class members by using them to facilitate the sale of photographs to the individuals to whom the biometrics belong or anyone else who searches for those individuals on its website.

85.     GradImages' practice of profiting from Plaintiff's and the Class members' biometrics violates BIPA Section 15(c).

86.     Plaintiff and the Class members are aggrieved by GradImages' practice of profiting from their biometrics in violation of BIPA Section 15(c).

87.     As a direct result of GradImages' violations of BIPA Section 15(c), Plaintiff and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the proposed Class, respectfully requests the following relief with respect to each and every count alleged above:

A.     certification of this action as a class action under 735 ILCS 5/2-801 *et seq.* and appointment of the undersigned as class counsel;

B.     a declaration that GradImages' conduct described throughout this Complaint violates BIPA Sections (b)(1)–(3) and (c);

C.     injunctive and equitable relief as is necessary to protect Plaintiff and the proposed Class from GradImages' ongoing violations of BIPA Sections 15(b)(1)–(3), and (c);

D.     statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2), and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1);

E.     their reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;

F.     such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the proposed Class, respectfully requests a jury trial on all issues so triable.


Dated: July 14, 2023                                    Respectfully Submitted,

                                                        **THE DRISCOLL FIRM, LLC**

                                   By:      */s/ John J. Driscoll*
                                            John J. Driscoll, #6276464
                                            1311 Avenida Juan Ponce de Leon, 6th Floor
                                            San Juan, Puerto Rico 00907
                                            Phone: (314) 222-2605
                                            Fax: (314) 932-3233
                                            john@jjlegal.com

                                            **THE DRISCOLL FIRM, P.C.**
                                            Matthew J. Limoli, #6328051
                                            301 Fayetteville Street, Ste. 1825
                                            Raleigh, North Carolina 27601
                                            Phone: (919) 582-6516
                                            Fax: (314) 932-3233
                                            matthew@thedriscollfirm.com


                                            *Attorneys for Plaintiffs*