# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA GAERTNER and CARSON KOY, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>COMMEMORATIVE BRANDS, INC., *et al.*,<br><br>**Defendants.** | Case No. 23-cv-02452-SPM |

## PROTECTIVE ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a Joint Motion for Entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) filed by Plaintiffs Joshua Gaertner and Carson Koy, individually and as putative Class Representatives. (Doc. 84). The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, for good cause shown, the Plaintiffs' Motion is **GRANTED**. It is **HEREBY ORDERED** that the parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this or related actions or proceedings:

1.  **PURPOSES AND LIMITATIONS**

    a)  Confidential Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection, or does not qualify for the level of protection initially asserted, the Producing Party must notify all other Parties that it is withdrawing or changing the designation within fourteen (14) days of the discovery of the incorrect designation.

**2. DEFINITIONS**

a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

e) "Confidential Material" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Order. Confidential Material shall not include materials that have been actually published or publicly disseminated.

f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.  COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6, 26, 34, and all other applicable Rules.

**4.  SCOPE**

a) The protections conferred by this Order cover Confidential Material as designated under Paragraph 8 of this Order, except as otherwise ordered by the Court.

b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Confidential Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Confidential Material to an individual who prepared the Confidential Material.

c) Nothing in this Order shall be construed to prejudice any Party's right to use any Confidential Material in court or in any court filing subject to the requirements of Paragraph 11 of this Order.

d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.      DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.      ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

a)      <u>Basic Principles.</u> All Confidential Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, or any business or competitive purpose or function. Confidential Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

b)      <u>Secure Storage.</u> Confidential Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

c)      <u>Legal Advice Based on Confidential Material.</u> Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Confidential Material, provided counsel does not disclose the Confidential Material itself except as provided in this Order.

d)      <u>Limitations.</u> Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Confidential Material. Nothing in this Order shall restrict in any way a Receiving Party's use or disclosure of Confidential Material: (i)

that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.     DESIGNATING CONFIDENTIAL MATERIAL**

   a)     <u>Available Designations.</u> Any Producing Party may designate Discovery Material with the following designation, provided that it meets the requirements for designation as provided for in Paragraph 8 of this Order: "CONFIDENTIAL."

   b)     <u>Written Discovery and Documents and Tangible Things.</u> Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for Confidential Information set forth in Paragraph 8(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, mark the medium, container, and/or communication in which the digital files were contained, and shall populate the Confidentiality field as provided in the ESI Stipulation between the Parties ("ESI Stipulation").

   c)     <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information

and populating the Confidentiality field pursuant to the ESI Stipulation, indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Confidential Material produced in electronic format and populating the Confidentiality field pursuant to the ESI Stipulation. When electronic files or documents are printed for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant under Paragraph 8(b)(v), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

       d)    <u>Depositions and Testimony.</u> Parties or testifying persons or entities may designate depositions and other testimony by indicating that it is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is given. Such designation shall be specific as to the portions that contain Confidential Material within the scope of Paragraph 8(a). Deposition testimony so designated shall be treated as Confidential Material protected by this Order until fourteen (14) days after delivery of the transcript by the court reporter to any Party or the witness. Within fourteen (14) days after delivery of the transcript, a designating party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Confidential Material, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of

deposition testimony as Confidential Material that was made on the record of the deposition, unless otherwise ordered by the Court.

**8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information protected from disclosure by statute; personal information that is not public, including but not limited to non-party employee, customer, and putative class members' names, email addresses, residential addresses, credit card numbers, and Social Security numbers contained in e-mail solicitations and spreadsheets; proprietary, research, technical, commercial, or financial information that the Producing Party has maintained as confidential, and which, if publicly disclosed, could be expected to cause competitive disadvantage. The following Discovery Material shall not be designated as "CONFIDENTIAL": information that is publicly available, including information or material that, prior to production in this matter, was public information or knowledge; information and material that were, or after designation became, public information or knowledge (other than by an act or omission of a Party in violation of this Protective Order); information that is legitimately and independently acquired from a source not subject to this Protective Order; information that has been widely disseminated (whether outside or within an organization or corporation); or information that is more than 10 years old.

b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

   i.     The named Plaintiffs;

 ii. After such time as a class has been certified, members of the class;

 iii. The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

 iv. The Receiving Party and representatives of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

 v. Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

 vi. Court reporters, stenographers and videographers retained to record testimony taken in this action;

    vii.    Graphics, translation, design, and/or trial or litigation consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

    viii.    Mock jurors who have agreed not to publicly disclose Confidential Material and to keep any information concerning Confidential Material confidential;

    ix.    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    x.    Any other person with the prior written consent of the Producing Party.

c) Plaintiffs and their counsel shall not (1) use information disclosed in Defendants' Confidential Material to contact any putative class member, unless and until a class is certified, without seeking leave of court; or (2) use information disclosed in Defendants' Confidential Material for any purpose other than the prosecution of the named Plaintiffs' claims in this case or any related appellate proceeding in the event that class certification is denied. This paragraph does not prohibit Plaintiffs or their counsel from communicating with any person who initiates contact with them, or from communicating with any person whose contact information is lawfully acquired by or known to Plaintiffs or their counsel independent of Defendants' Confidential Material.

**9.    CHALLENGING    DESIGNATIONS    OF    CONFIDENTIAL INFORMATION**

a) A Party shall not be obligated to challenge the propriety of any designation of Confidential Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

b) Any challenge by a Party to a designation of Confidential Material under this Order shall be written, shall be sent to Outside Counsel for the Producing Party, and shall particularly identify the designations and associated documents or information that the Receiving Party challenges. Thereafter, further protection of such material shall be resolved in accordance with Federal Rule of Civil Procedure 37, Southern District of Illinois Local Rule 26.1, and the following procedures, to the extent they are not inconsistent with the Federal Rules nor this Court's Local Rules:

    i. The objecting Receiving Party shall confer with the designating Producing Party in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the challenged designation(s);

    ii. Failing agreement, the Receiving Party may bring a motion to the Court challenging a Producing Party's designation. Upon any such motion, the burden shall be on the Producing Party to show why the designation is proper. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

      iii. Notwithstanding any challenge to a designation, the Confidential Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Confidential Material in question withdraws such designation in writing; or (b) the Court rules that the Confidential Material in question is not entitled to the designation.

    c) Any interested person who is not a Party may challenge the designation of Confidential Material through the procedure described in Paragraphs 9(b)(ii) and (iii) of this Order.

**10. SUBPOENAS OR COURT ORDERS**

If at any time Confidential Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to each Producing Party and shall provide each such Party with an opportunity to move for a protective order regarding the Confidential Material implicated by the subpoena.

**11. FILING CONFIDENTIAL MATERIAL**

    a) In the event that a Party wishes to file material that has been designated as Confidential Material by another Producing Party, the filing Party shall provisionally file the material under seal together with a notice of filing served on the Producing Party that designated the material as Confidential Material. Material submitted in this manner shall remain under seal pending the Court's ruling on any motion to seal filed by the Producing Party.

b) Within seven (7) days after such receiving such notice of filing, the Producing Party shall file a motion to seal and supporting memorandum setting forth the factual and legal bases for the Confidential Material to remain under seal. Where the Producing Party does not timely file such a motion, the material filed shall no longer qualify for protection and subsequent treatment as containing Confidential Information under this Order.

**12.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

a) A Party's inadvertent production of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if the Producing Party requests the return of such inadvertently produced Discovery Material promptly after the Producing Party learns of its inadvertent production.

b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is

reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**13.    INADVERTENT FAILURE TO DESIGNATE PROPERLY**

a)    A Producing Party's inadvertent failure to designate Discovery Material as Confidential Material under this Order shall not waive its right to make such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Confidential Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Confidential Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under this Order. Once a Receiving Party has received notification of the confidentiality designation, the Receiving Party shall treat such Discovery Material as Confidential Material under the terms of this Order.

**14.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

a)    In the event of a disclosure of any Confidential Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Producing Party whose Confidential

Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

b)     Unauthorized or inadvertent disclosure does not change the status of Confidential Material or waive the right to maintain the disclosed document or information as Confidential Material.

## 15. FINAL DISPOSITION

a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Confidential Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Confidential Material, at the request of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

b)     All Parties that have received any such Confidential Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Confidential Material, Outside Counsel may retain pleadings, correspondence and attorney and consultant work product for archival purposes.

## 16. DISCOVERY FROM EXPERTS OR CONSULTANTS

    a)    Consistent with Federal Rule of Civil Procedure 26(b), drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

    b)    Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. Nothing in this Order alters application of the attorney work product doctrine.

**17.**    **MISCELLANEOUS**

    a)    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

    b)    <u>Termination of Matter and Retention of Jurisdiction.</u> The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

    c)    <u>Successors.</u> This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    d)    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

    e)    <u>Burdens of Proof.</u> Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

    f)    <u>Modification by Court.</u> This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Southern District of Illinois is responsible for the interpretation and enforcement of this Order. All disputes concerning Confidential Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of Illinois.

    g)    <u>Discovery Rules Remain Unchanged.</u> Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

Illinois, or the Court's own orders. Signing Exhibit A to this Protective Order, or identification of any individual pursuant to this Protective Order, does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of Illinois, or the Court's own orders.

**IT IS SO ORDERED.**

**DATED: June 26, 2025**

                                                                           **s/ *Stephen P. McGlynn*** 
                                                                           **STEPHEN P. McGLYNN** 
                                                                           **U.S. District Judge**