IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA GAERTNER and CARSON KOY, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>COMMEMORATIVE BRANDS, INC., *et al.*,<br><br>**Defendants.** | Case No. 23-cv-02452-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for consideration of Plaintiffs' Motion to Compel Discovery and Memorandum in Support (Doc. 57) and Plaintiffs' Motion for Order or, Alternatively, for Telephonic Conference Regarding Discovery Dispute (Doc. 89). Having been fully informed of the issues presented, Plaintiffs' Motion to Compel is **GRANTED in part** and **DENIED in part.** (Doc. 57). Plaintiffs' Motion for Order is **GRANTED in part** and **DENIED in part**. (Doc. 89).

FACTUAL BACKGROUND

Plaintiffs Joshua Gaertner and Carson Koy filed their operative Amended Class Action Complaint on November 12, 2024, on behalf of themselves and as putative Class Representatives, against Defendants Commemorative Brands, Inc. d/b/a Balfour & Co., Commemorative Brands Illinois LLC, and Iconic Group, Inc. (collectively, "Defendants" or "GradImages"), for alleged violations of the Illinois Biometric Privacy Act 740 ILL. COMP. STAT. 14/1 *et. seq.* ("BIPA"). (Doc. 46). On

January 22, 2025, Plaintiffs filed a Motion to Compel discovery pursuant to Federal Rule of Civil Procedure 37(a). (Doc. 57). On April 28, 2025, the parties appeared before the Court for a videoconference via Zoom for a hearing on the merits of the Motion. (*See* Doc. 69). Following the hearing, the Court reserved ruling on the Motion ordered the parties to engage in a meet and confer with respect to Plaintiffs' discovery requests at issue in the Motion. (*See id.*). On May 28, 2025, the parties filed a Joint Status Report with the Court indicating that some of the outstanding discovery issues had been resolved, while others remained in dispute. (*See* Doc. 80). On June 11, 2025, the parties appeared in person before the Court for a status conference to discuss the progress made towards resolution of the discovery issues. (*See* Doc. 83). The Court directed the parties to continue to engage in a meet and confer to discuss the issues in dispute, and reserved ruling on the Motions. On July 2, 2025, Plaintiffs filed a Motion for Order or, Alternatively, for Telephonic Conference Regarding Discovery Dispute, requesting the Court issue an Order adjudicating the outstanding discovery dispute or hold a telephonic discovery dispute conference to resolve the dispute. (Doc. 89). The Motion for Order requests adjudication specifically as to Plaintiffs' Motion to Compel Interrogatory No. 7. (*See id.*).

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26 informs that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," which includes consideration of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. "In cases such as this one where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to [Federal Rule of Civil Procedure 23's] threshold requirements of numerosity, commonality, typicality, and adequacy of representation." *Bilek v. Fed. Ins. Co.*, 344 F.R.D. 484, 489 (N.D. Ill. 2023) (quoting *Miner v. Gov't Payment Serv., Inc.*, No. 14-cv-7474, 2017 WL 3909508, at *3 (N.D. Ill. Sept. 5, 2017) (internal quotations omitted). "Discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery." *Id.*

## I.     Dispute as to Plaintiff's Interrogatory No. 7

Plaintiffs' Interrogatory No. 7 requests that Defendants "Identify all data that is accessed, analyzed, obtained, utilized, or created when Facial Recognition is used." (*See* Doc. 57, Ex. 2, p. 10). Defendant Commemorative Brands, Inc. responded with "General Objections" as well as, in relevant part, an objection that the information sought is outside Commemorative Brands, Inc.'s possession, custody, and control. (*See id.*). Plaintiffs argue, in their Motion to Compel, that this objection is improper, and that Defendants should be compelled to state, under oath, that such information is outside the possession, custody, and control of Defendants, or otherwise provide the responsive information requested. (*See* Doc. 57, p. 12) (citing *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 238–39 (W.D.N.C. 2010) (party answering interrogatory must "give the information available to him"; "[i]f the

answering party lacks necessary information to make a full, fair and specific answer . . . , it should so state under oath and should set forth in detail the efforts made to obtain the information")). Plaintiff argues that they have reason to believe that Defendants "[have] at least some information that is responsive, given its public representation that '[o]nce the [facial recognition] software has been used to identify all ceremony pictures, the facial recognition data is then deleted every 10 days throughout the year,'" according to Defendants' own Motion for Protective Order previously filed in this matter (*Id.*, pp. 12−13 (citing Doc. 55)). Thus, Plaintiffs compel a response from Defendants, stating that "[Defendants] cannot make truthful statements about 'how often facial recognition data' is deleted unless it has knowledge of the data created.'" (*Id.*, p. 13). Plaintiffs further argue that resolution of this discovery dispute is needed at this time because, "depending on the answer given, the issue may be relevant to class certification." (Doc. 89, p. 2). Resolution of this dispute at this time would allow Plaintiffs adequate time to conduct further discovery, Plaintiffs argue. (*See id.*).

Federal Rule of Civil Procedure 33 requires, in relevant part, that Interrogatories must be answered by the party to whom they are directed, or, if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party. *See* FED. R. CIV. P. 33(b)(1). The Rule further requires that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. *See* FED. R. CIV. P. 33(b)(3). Objections to interrogatories must be stated with specificity, and any ground not stated in a timely

objection is waived unless the court, for good cause, excuses the failure. *See* FED. R. CIV. P. 33(b)(4). The Rule also requires that the person who makes the answers must sign them, and the attorney who objects must sign any objections. *See* FED. R. CIV. P. 33(b)(5).

The Court does not find that GradImages' objection that the information sought in Interrogatory No. 7 is not within its possession, custody, or control to sufficiently state with specificity their reasons for objecting to the Interrogatory. Defendants do not object on the basis that the information is unduly burdensome to gather or obtain. Defendants also do not object on the ground that the information sought is not proportional to the needs of the case; nor do they object that the information sought is irrelevant outside of the context of Plaintiffs' standing to bring suit or Defendants' status as a State agency contractor or financial institution affiliate as defined by BIPA. As such, Rule 33 requires GradImages to raise a proper objection to the information sought in Plaintiffs' Interrogatory No. 7 or otherwise respond to the information fully in writing under oath. *See Jones v. Syntex Laboratories, Inc.*, *Jones v. Syntex Lab'ys, Inc.*, No. 99 C 3113, 2001 WL 1338987, at *2 (N.D. Ill. Oct. 30, 2001).

## II.     Remainder of Discovery Disputes

In addition to the one discovery dispute raised in Plaintiffs' Request for Order (Doc. 89), there remains several additional disputed discovery issues yet to be resolved that were originally raised in Plaintiffs' Motion to Compel (Doc. 57). The parties have met and conferred regarding these discovery disputes since the time they originally filed the Motion and Response. (*See* Doc. 80). According to their Joint

Status Report, filed on May 28, 2025, the parties had resolved some disputes but not all. (*See id.*). Thus, this Court incorporates portions of the parties' arguments as set forth in the Joint Status Report. (*Id.*).

Plaintiffs' Requests for Production Nos. 3–4 request "information regarding the number of payments and total amount of payments that Defendants have made to Illinois photographers for taking photos in Illinois on which facial recognition was used." (Doc. 80, p. 3). Plaintiffs argue they are entitled to the requested documents and information because the requests seek facts bearing on GradImages anticipated extraterritoriality defense. (*See* Doc. 57, p. 6; Doc. 80, p. 3). Defendants object, stating that the requests are not proportional to the needs of the case, are not relevant, and pose a heavy burden on Defendants to produce. (*See* Doc. 59). The Court finds that this discovery request is premature and not relevant to the issue of whether Plaintiffs can satisfy Rule 23's requirements for class certification. Accordingly, this request is denied.

Plaintiffs' Requests for Production Nos. 18–21, 26–30, and Interrogatory No. 4 "concern information about GradImages' policies regarding biometrics or other data derived from Facial Recognition, their compliance with those policies, and documents that may satisfy GradImages' consent and disclosure obligations" under BIPA Sections 15(a) and (b). (Doc. 57, p. 7; Doc. 80, p. 3). Plaintiffs argue this information is discoverable because the issue of whether GradImages collected Plaintiffs' biometric information is central to their case and, if they did collect such information, what it does with that information is relevant to the heart of Plaintiffs' claims. (*See* Doc. 57, p. 8). Defendants object that these requests are not related to discovery

regarding class certification and are not related to the specific portions of BIPA at issue in this case. (Doc. 59, p. 13 Doc. 80, pp. 6–7). This Court agrees with Defendants to the extent that the requested discovery is not relevant to whether Plaintiffs can establish a Rule 23 class. Accordingly, this request is denied.

Plaintiffs' Interrogatory No. 6 and Requests for Production Nos. 22–24 "concern the income that Defendants receive from selling photos through their website and how facial recognition affects that income." (Doc. 80, p. 4). Additionally, Requests for Production Nos. 5–6 seek all documents reflecting the amount of money GradImages has been paid from Persons having an Illinois address for photos sold through GradImages' website and documents reflecting the number of transactions GradImages has paid with Persons having an Illinois address involving the sale of photographs through GradImages' website. (Doc. 57). This Court finds that, similarly to the two categories of requests analyzed above, this information does not bear on the question of whether Plaintiffs can demonstrate there is a certifiable class pursuant to Rule 23, and accordingly, denies the request.

Plaintiffs' Interrogatory No. 11 "asks GradImages to identify the author of the Facial Recognition Explanation and any Persons who contributed to information in writing the same." (Doc. 57, p. 11). Plaintiffs argue this information is discoverable because it is relevant and probative of what GradImages knows about the facial recognition technology and the source of that knowledge. (*Id.*, p. 12). GradImages objects on the grounds that the information is "overly broad as it seeks the identities not only of GradImages' nonparty employees who wrote the statement on the website but also nonparty individuals who may have contributed information the statement

over a seven year period." (Doc. 59, p. 18). Further, Defendants argue that "the author of the facial recognition software explanation and other non-party individuals' interpretation or knowledge of a third-party's facial recognition software is not at issue in this litigation." (*Id.*). This Court finds that, to the extent the author of such information on GradImages' website may be relevant, it is not relevant to whether Plaintiffs can establish the existence of a Rule 23 class. This request is denied.

This Court is denying these discovery requests without prejudice. Thus, both parties may seek to compel discovery responses from the opposing party in the future, but only after demonstrating they have made a good faith attempt to meet and confer with the opposing party prior to involving the Court in accordance with Federal Rule of Civil Procedure 37(a)(1), Local Rule 26.1(c)(2), and this Court's Case Management Procedures.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel (Doc. 57) is **GRANTED in part** to the extent it seeks to compel response to Plaintiffs' Interrogatory No. 7. Plaintiffs' Motion to Compel is **DENIED in part** with respect to the remainder of the requests to compel discovery from Defendants as discussed above. Plaintiffs' Motion for Order (Doc. 89) is **GRANTED in part** to the extent it requests the Court issue an Order adjudicating the discovery dispute as to Interrogatory No. 7. The Motion (Doc. 89) is **DENIED in part** to the extent it requests a telephonic conference and any additional relief requested.

**IT IS SO ORDERED.**

**DATED: July 10, 2025**

                                                           s/ *Stephen P. McGlynn*
                                                           **STEPHEN P. McGLYNN**
                                                           **U.S. District Judge**